UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY CHAVEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GILBERTO ARIAS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-0603 - JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PERMISSIVE JOINDER<br><br>(Doc 25) |

  Rory Chavez is a resident of California, with disabilities that require use of wheelchair. He asserts that he encountered physical barriers when visiting Mercado Latino and seeks to hold Gilberto Arias and Mayra Paniagua liable for violations of the Americans With Disabilities Act and Unruh Civil Rights Act that Plaintiff experienced at the store. (*See* Doc. 1) Arias now seeks to join the company operating the market's building—Arias Latino Market, Inc., dba Mercado Latino Tianguis—to the action pursuant to Rule 20 of the Federal Rules of Civil Procedure. (Doc. 25) Plaintiff does not oppose the motion. (Doc. 27)

  The Court finds the matter suitable for decision without oral arguments, and the motion is taken under submission pursuant to Local Rule 230(g) and General Rules 612 and 617. Therefore, the hearing date of August 18, 2020 is **VACATED**. For the reasons set forth below, Defendant's motion is **GRANTED**.

///

1

**I.     Background**

Plaintiff has "physical disabilities" and "is paralyzed from the chest down and uses a wheelchair for mobility." (Doc. 1 at 1, ¶ 1)  In October 2018, Plaintiff visited a store called Mercado Latino, located at 2105 Edison Hwy, Bakersfield, California. (*Id*. at 2-3, ¶¶ 3, 10)  Plaintiff reports "Gilberto Arias owns the real property located at or about 2105 Edison Hwy," and Mayra Paniagua owns the store on the property. (*Id.* at 2, ¶¶ 3-5)  Plaintiff notes the store is "open to the public, a place of public accommodation, and a business establishment." (*Id.* at 3, ¶ 11)

According to Plaintiff, the day he visited Mercado Latino, "the defendants did not provide paths of travel inside the Store in conformance with the ADA Standards." (Doc. 1 at 3, ¶ 13)  For example, he reports alleges " paths of travel inside the Store [were] narrow[,] to as little as 12 inches in width." (*Id.* at 3, n.1)  In addition, Plaintiff asserts he "personally encountered these barriers," which "created difficulty and discomfort" and denied him "full and equal access" to the store. (*Id.*, ¶¶ 15-17)  He asserts the barriers would be "Easily remove without much difficulty or expense," and are the kind "identified by the Department of Justice as presumably readily achievable to remove." (*Id.*, ¶ 19)

Plaintiff alleges that he "is currently deterred" from returning to the store "because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." (Doc. 1 at 4, ¶ 20)  However, he reports that he will return to Mercado Latino "to avail himself of goods or services and to determine compliance with the disability access laws once it is represented to him that the Store and its facilities are accessible." (*Id.*)  He contends that "[i]f the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again." (*Id.*)

Based upon the foregoing fats, Plaintiff filed a complaint on May 7, 2019 against Gilberto Arias and Mayra Paniagua, alleging violations of the Americans with Disabilities Act of 1990 and California's Unruh Civil Rights Act. (Doc. 1 at 4-6)  Plaintiff seeks "injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act;" monetary damages under the Unruh Civil Rights Act; attorneys' fees and costs; and litigation expenses. (*Id.* at 7)  Paniagua filed her answer to the complaint on June 10, 2019 (Doc. 8), and Arias filed an answer on July 8, 2019 (Doc. 11).

The parties requested referral to the Court's Voluntary Dispute Resolution Program but were

unable to settle the action. On May 22, 2020, the Court issued a scheduling order to set forth the deadlines governing the action. (Doc. 21) The parties were directed to make any pleading amendments, either through a stipulation or a motion to amend, no later than August 17, 2020. (Doc. 21 at 2)

On July 9, 2020, Defendant Arias filed the motion now pending before the Court, seeking to join another defendant pursuant to Rule 20 of the Federal Rules of Civil Procedure. (Doc. 25) On July 15, 2020, Plaintiff filed a notice of non-opposition, reporting he "has no objection to the relief sought by the Motion." (Doc. 27) Defendant Paniagua did not respond to the motion.

## II.     Permissive Joinder

Rule 20 of the Federal Rules of Civil Procedure governs the joinder of defendants and is designed to promote judicial economy and trial convenience. *See Mosley v. Gen. Motors*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). Pursuant to Rule 20(a), joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

"The 'same transaction' requirement of Rule 20 refers to 'similarity in the factual background of a claim; claims that arise out of a systematic pattern of events' and have a 'very definite logical relationship.'" *Hubbard v. Hougland*, 2010 WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010) (quoting *Bautista v. Los Angeles County*, 216 F.3d 837, 842-843 (9th Cir. 2000)). In addition, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

The Supreme Court indicated under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). However, "even once [the Rule 20(a)] requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co*, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing *Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

### III. Discussion and Analysis

Arias seeks to join Arias Latino Market dba Mercado Latino Tianguis ("the Company") as a defendant, reporting the Company "leases all spaces within the market." (Doc. 25-1 at 1, 3) Further, Arias notes that "Paniagua pays rent to the Company." (*Id.* at 5) Arias asserts that because there is a lease agreement between the Company and Paniagua for the operation of Mercado Latino, and the Company "directly controls and operates the market" visited by Plaintiff, the Company should be joined as a defendant. (*Id.* at 5, citing Arias, Jr., ¶¶ 3-5, Exs. B-C [Doc. 25-2 at 2, 7-26])

As noted by Arias, under the ADA, all entities that own, operate, and/or lease a place of public accommodation are jointly and severally liable for acts of discrimination. (Doc. 25-1 at 4, citing *Botosan v. Fitzhugh*, 13 F.Supp.2d 1047, 1053 (S.D. Cal. 1998)). Specifically, the ADA provides for claims against one "person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Thus, "liability attaches to landlords and tenants alike" under the ADA. *Botosan*, 13 F.Supp.2d at 1053-1054.

In his complaint, Plaintiff names Arias and Paniagua, but he also names Doe defendants. (Doc. 1 at 2) He alleges that the Doe defendants have an "ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of" and he "alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, **or is a necessary party for obtaining appropriate relief**." Id.

The claims brought by Plaintiff against Arias and Paniagua arise from "the same transaction, occurrence, or series of transactions or occurrences," as claims against the Company because they are based upon a single visit to Mercado Latino. *See Bautista*, 216 F.3d at 842-843. Likewise, the issue of whether there were barriers in violation of the ADA at Mercado Latino when Plaintiff visited the place of public accommodation is an issue of law and fact that is common to all defendants and the party to be joined. *See Hubbard*, 2010 WL 1416691 at *7 (E.D. Cal. Apr. 5, 2010) (quoting *Bautista v. Los Angeles County*, 216 F.3d 837, 842-843 (9th Cir. 2000) Further, there is no showing by any party—as none oppose the motion—that joinder would prejudice the parties to the action. Consequently, the Court finds the requirements of Rule 20(a) are satisfied and joinder if Arias Latino Market, Inc., dba

Mercado Latino Tianguis, as a defendant is proper.

## IV.     Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. Defendant's motion for joinder (Doc. 25) is **GRANTED**;
2. Arias Latino Market, Inc., dba Mercado Latino Tianguis may be joined in this action and the joined party takes the place of a Doe defendant;
3. The Clerk of Court is directed to issue summons as to Arias Latino Market, Inc., dba Mercado Latino Tianguis.

IT IS SO ORDERED.

Dated:   **August 17, 2020**                    /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE