UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY CHAVEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GILBERTO ARIAS, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-0603 - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>(Doc. 30) |

Rory Chavez is a resident of California, with disabilities that require use of wheelchair. He asserts that he encountered physical barriers when visiting Mercado Latino and seeks to hold Gilberto Arias and Mayra Paniagua liable for violations of the Americans With Disabilities Act and Unruh Civil Rights Act that Plaintiff experienced at the store. (*See* Doc. 1) Plaintiff seeks leave to amend the complaint to identify additional barriers at Mercado Latino. (Doc. 30) Gilberto Arias opposes the motion (Doc. 36), while defendant Mayra Paniagua has not opposed the motion.

The Court found the matter suitable for decision without oral arguments, and the motion was taken under submission pursuant to Local Rule 230(g) and General Rules 612 and 617. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

**I.　　Background**

Plaintiff has "physical disabilities" and "is paralyzed from the chest down and uses a wheelchair for mobility." (Doc. 1 at 1, ¶ 1) In October 2018, Plaintiff visited a store called Mercado

1

Latino, located at 2105 Edison Hwy, Bakersfield, California.  (*Id*. at 2-3, ¶¶ 3, 10) Plaintiff reports "Gilberto Arias owns the real property located at or about 2105 Edison Hwy," and Mayra Paniagua owns the store on the property.  (*Id.* at 2, ¶¶ 3-5) Plaintiff notes the store is "open to the public, a place of public accommodation, and a business establishment."  (*Id.* at 3, ¶ 11)

According to Plaintiff, the day he visited Mercado Latino, "the defendants did not provide paths of travel inside the Store in conformance with the ADA Standards."  (Doc. 1 at 3, ¶ 13) For example, he reports that "some of the paths of travel inside the Store [were] narrow[,] to as little as 12 inches in width."  (*Id.* at 3, n.1) In addition, Plaintiff asserts he "personally encountered these barriers," which "created difficulty and discomfort" and denied him "full and equal access" to the store.  (*Id.*, ¶¶ 15-17) He asserts the barriers would be "easily removed without much difficulty or expense," and are the kind "identified by the Department of Justice as presumably readily achievable to remove."  (*Id.*, ¶ 19)

Plaintiff alleges that he "is currently deterred" from returning to the store "because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site."  (Doc. 1 at 4, ¶ 20)  However, he reports that he will return to Mercado Latino "to avail himself of goods or services and to determine compliance with the disability access laws once it is represented to him that the Store and its facilities are accessible."  (*Id.*)  He contends that "[i]f the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again."  (*Id.*)

Based upon the foregoing facts, Plaintiff filed a complaint on May 7, 2019 against Gilberto Arias and Mayra Paniagua, alleging violations of the Americans with Disabilities Act of 1990 and California's Unruh Civil Rights Act.  (Doc. 1 at 4-6) Plaintiff seeks "injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act;" monetary damages under the Unruh Civil Rights Act; attorneys' fees and costs; and litigation expenses. (*Id.* at 7) Paniagua filed her answer to the complaint on June 10, 2019 (Doc. 8), and Arias filed an answer on July 8, 2019 (Doc. 11).

The parties requested referral to the Court's Voluntary Dispute Resolution Program but were unable to settle the action.  On May 22, 2020, the Court issued a scheduling order to set forth the deadlines governing the action.  (Doc. 21) The parties were directed to make any pleading amendments,

either through a stipulation or a motion, no later than August 17, 2020.  (Doc. 21 at 2)

On August 17, 2020, Plaintiff filed the motion now pending before the Court, seeking to add allegations regarding other barriers identified at Mercado Latino.  (Doc. 30) Plaintiff alleges that while he "did not confront the following barriers, on information and belief and following a site inspection the defendants currently fail to provide an accessible path of travel from the accessible parking to the entrance of the store."  (Doc. 30-4 at 5, ¶ 22) Plaintiff contends Defendants "currently fail to provide an accessible door at the entrance of the Store along the path of travel from the accessible parking."  (*Id.*, ¶ 23) Plaintiff asserts Defendants "currently fail to provide an accessible sales and service counter."  (*Id.*, ¶ 24)

Defendant Arias filed his opposition to the motion on August 31, 2020 (Doc. 36), to which Plaintiff filed a reply on September 8, 2020 (Doc. 42) Defendants Mayra Paniagua and Arias Latino Market, Inc. have not opposed the motion.[1]

## II.     Legal Standards for Leave to Amend

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend a complaint is in the discretion of the Court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).  However, leave should be "freely give[n] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City*

---

[1] The Court notes that Defendant Arias Latino Market was added as a Doe defendant after the filing of this motion and filed its answer on September 3, 2020 (Doc. 40).

*of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002).

### III.     Discussion and Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Comm. College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight, as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

#### A.     Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. *Allen*, 911 F.2d at 373.  Here, the amendment sought will is the first by Plaintiff.  Therefore, this factor does not weigh against amendment.

#### B.     Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052.  Also, the Court should examine whether "permitting an amendment would … produce an undue delay in the litigation." *Id.* at 1387.

Plaintiff asserts he first learned of the barriers he seeks to add on August 10, 2020.  (Doc. 30-1 at 2) There is no showing that Plaintiff delayed in seeking leave to amend following the site inspection, as Plaintiff moved to amend the complaint only one week later, on August 17, 2020.   In addition, it does not appear amendment would produce an undue delay in the litigation, as discovery will remain open for several months. Accordingly, this factor does not weigh against amendment.

### C. Bad faith

There is no evidence before the Court suggesting Plaintiff acted in bad faith in seeking the proposed amendment. Therefore, this factor does not weigh against granting leave to amend.

### D. Futility of amendment

Futility may be found where the proposed claims duplicate existing claims or are patently frivolous, or both. *See Bonin*, 59 F.3d at 846. In addition, an amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988). Further, a court may find a claim is futile if it finds "inevitability of a claim's defeat on summary judgment." *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004) (quoting *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987)). A proposed amendment is also futile if it cannot withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)) (reh'g en banc *Nordyke v. King*, 681 F.3d 1041 (9th Cir. 2012)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller*, 845 F.2d at 214.

Defendant argues Plaintiff's proposed First Amended Complaint is futile, because it "would not withstand a motion to dismiss for failure to state a claim and lack of standing pursuant to FRCP 12(b)(1) and (b)(6)." (Doc. 36 at 2, emphasis omitted) In addition, Defendant contends Plaintiff's First Amended Complaint "would not survive a motion for summary judgment under FRCP 56." (*Id.* at 5, emphasis omitted) Therefore, Defendant contends the motion should be denied, because "Plaintiff's experience counsel knows what is required to sufficiently plead a claim under the Americans with Disabilities Act, and wholly failed to do so." (*Id.* at 7) On the other hand, Plaintiff argues the "proposed first amended complaint is sufficiently plead to survive a motion to dismiss." (Doc. 42 at 5)

#### 1. Plaintiff's standing and a Rule 12(b)(1) motion

Defendant asserts Plaintiff fails to allege facts to establish standing, and the First Amended Complaint would be subject a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 36 at 3-5) The Ninth Circuit observed, "[b]ecause standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to

5

1 dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). In the context of a Rule 12(b)(1) motion, a plaintiff has the burden of establishing Article III standing to assert the claims. *Id.* at 1122.

To show standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] action, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). Further, to establish standing for a claim of injunctive relief, as Plaintiff does here, "he must demonstrate a 'real and immediate threat of repeated injury' in the future." *Id.* (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). The Ninth Circuit recognized a plaintiff seeking injunctive relief under the ADA can show a likelihood of future injury in one of two ways: (1) by showing "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier," or (2) by demonstrating "sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Id*. at 950.

An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (omitting internal citations). An injury is concrete and particularized when a plaintiff suffers discrimination due to barriers at a public accommodation and those barriers have deterred plaintiff from returning. *Doran v. 7-Eleven*, 524 F.3d 1034, 1041 (9th Cir. 2008). A plaintiff suffers an "actual and imminent" injury under the ADA when he alleges "(1) that he visited an accommodation in the past; (2) that he was currently deterred from returning to the accommodation because of ADA violations; and (3) that he would return if the ADA violations were remedied." *Id.* (citing *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 (C.D. Cal. 2005)).

When a plaintiff fails to plead facts setting forth the barriers encountered or the injury suffered, the allegations are insufficient to establish standing. *See Chapman*, 631 F.3d at 954-55; *Doran*, 524 F.3d at 1041. For example, in *Chapman* the Ninth Circuit determined the plaintiff lacked standing because he "[left] the federal court to guess" what barriers he encountered, how those barriers deprived him of full and equal access, and how those barriers deterred him from visiting the store. *Id.*, 631 F.3d

at 954-55.  The plaintiff alleged only that he was "physically disabled," and he "visited the Store" where he "encountered architectural barriers that denied him full and equal access." *Id.,* 631 F.3d at 954.  The Court found these allegations were insufficient because the plaintiff did not allege "what exact barriers he encountered or how his disability was affected by the barriers so as to deny him "full and equal" access that would satisfy the injury-in-fact requirement. *Id.*

In contrast, Plaintiff identifies a barrier that he encountered and explains how the barrier denied him full and equal access to the store.  Specifically, Plaintiff asserts that when he visited Mercardo Latino, "the defendants did not provide paths of travel inside the Store in conformance with the ADA Standards." (Doc. 30-4 at 4, ¶ 13) He reports that "some of the paths of travel inside the Store [were] narrow[,] to as little as 12 inches in width." (*Id.* at 4, n.1) Plaintiff asserts he "personally encountered these barriers," which "created difficulty and discomfort" and denied him "full and equal access" to the store.  (*Id.*, ¶¶ 15-17) Plaintiff alleges he "is currently deterred" from returning to the store "because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." (*Id.* at 5, ¶ 20)  He reports that he will return to Mercado Latino "to avail himself of goods or services and to determine compliance with the disability access laws once it is represented to him that the Store and its facilities are accessible." (*Id.*)

Because Plaintiff has identified an injury-in-fact, is currently deterred from returning, and asserts he would return to Mercado Latino if the barriers are removed, he has established an "actual and imminent" injury.  These facts are sufficient for Plaintiff to establish standing under the ADA. *See Chapman*, 631 F.3d at 954-55; *Doran*, 524 F.3d at 1041. Consequently, Defendant fails to show the Plaintiff's First Amended Complaint would be subject to a motion to dismiss under Rule 12(b)(1).

    2. Sufficiency of the allegations and a Rule 12(b)(6) motion to dismiss

Defendant argues, "the filing of the proposed First Amended Complaint would be futile because it contains only conclusory allegations without tying any specific barrier to Mr. Chavez' particular disability as required," and as a result it would be subject to a motion to dismiss under Rule 12(b)(6). (Doc. 36 at 5)

    *a.* *Standards governing Plaintiff's claims*

Title III of the ADA prohibits discrimination against persons with disabilities in places of public

accommodation, and provides in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). For purposes of Title III, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv). Thus, the Ninth Circuit found:

> To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability.

*Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). A plaintiff need not show intentional discrimination to make out an ADA violation. *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004).

California's Unruh Civil Rights Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their … disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). Further, the Unruh Act provides that "[a] violation of the right of any individual under the Americans with Disabilities … shall also constitute a violation of this section." Cal. Civ. Code § 51(f).

        b.   Analysis

Plaintiff alleges he "is paralyzed from the chest down and uses a wheelchair for mobility." (Doc. 30-4 at 2, ¶ 1) He asserts that Mayra Paniagua owned Mercado Latino when he visited—and continues to do so—while the real property on which the store is located is owned by Gilberto Arias. (*Id.* at 2-3, ¶¶ 2-5) Further, Mercado Latino was a place of public accommodation, as a retail store and sales establishment. *See* 42 U.S.C. § 12181(7)(E). These factors are not disputed by Defendant. However, Defendant asserts Plaintiff fails to allege facts to support a finding that he "was denied public accommodations by the defendant because of [his] disability." (Doc. 36 at 4)

Plaintiff alleges Defendants did "not provide accessible paths of travel" in the store, as "some of the paths of travel inside the Store [were] narrow[,] to as little as 12 inches in width." (Doc. 30-4 at 4, ¶

13, n.1) The Court may infer that Plaintiff was unable navigate the narrow paths of travel with his wheelchair in Mercado Latino, as he asserts the facilities "created difficulty and discomfort for the Plaintiff." (*Id.*, ¶ 15-17)  Under the ADA, such paths of travel must have a width of thirty-six inches at a minimum.  *See* 28 C.F.R. Pt. 36 App. D § 4.3.3; 36 C.F.R. Pt. 1191, App. D § 403.5.1.  Thus, Plaintiff alleges facts to support his claims under the ADA and California's Unruh Act.

Plaintiff now seeks to amend his complaint to assert Defendants "currently fail to provide an accessible path of travel from the accessible parking to the entrance of the Store," and "fail to provide an accessible door at the entrance of the Store along the path of travel from the accessible parking." (Doc. 30-4 at 5, ¶¶ 22-23) Plaintiff alleges that "the defendants currently fail to provide an accessible sales and service counter." (*Id.*, ¶ 24)

According to Defendant, Plaintiff's allegations in his First Amended Complaint "are completely devoid of any nexus between the alleged barrier and how Mr. Chavez, specifically and personally, was 'denied full and equal access.'" (Doc. 36 at 4)  For example, Defendant asserts: "Mr. Chavez states that "'defendants currently fail to provide an accessible path of travel from the accessible parking to the entrance of the Store,' without any other detail tying this allegation to his disability or to any particularized and concrete injury. (*Id.*, quoting Doc. 30-4, ¶ 22) Defendant also asserts Plaintiff fails to explain how the door "caused this particular plaintiff any injury" or how the service counter "constituted a barrier to him based on his particular disability." (*Id.* at 4-5)

Plaintiff fails to allege facts to support his assertions that the path to the store, the door, and the service counter are not "accessible."  In the First Amended Complaint, he offers only his conclusion that the path of travel, door, and service counter fail to comply with ADA standards, without providing any information regarding measures.  Whether there is compliance with ADA regulations is "a legal conclusion." *See, e.g.*, *Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 216 (2d Cir. 2003) ("ADA compliance" was a "legal conclusion[]"); *Arroyo v. Denaco, LLC,* 2020 WL 2477682 at *2 (C.D. Cal. Mar. 20, 2020) (identifying accessibility and "in conformance with the ADA standards" as "legal conclusions," not facts); *Sharp v. Islands Cal. Ariz. LP,* 900 F. Supp. 2d 1101, 1112 (S.D. Cal. 2012) (statement that the "waiting area is accessible to wheelchair users and complies with all ADAAG requirements" was an improper legal conclusion).

Plaintiff seeks to identify additional barriers and is not adding causes of action to his complaint. Once a plaintiff has established standing under the ADA, he is permitted to seek injunctive relief for violations later identified when they "might reasonably affect a wheelchair user's full enjoyment of the Store." *See Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1043-44 (9th Cir. 2008). Although Plaintiff has not provided specific information regarding measurements taken of the new barriers, the allegations are sufficient to provide Defendants notice of the barriers Plaintiff asserts exist at Mercado Latino, and the facts alleged—even excluding legal conclusions cast as facts—are sufficient to support a claim for a violation of the ADA and the Unruh Act. Consequently, the proposed amendment is not futile on this basis.

### 3. Whether the claims would survive a motion for summary judgment

A court may find a claim is futile if it finds "inevitability of a claim's defeat on summary judgment." *Neville Chem. Co.*, 358 F.3d at 673 (quoting *Johnson v*, 834 F.2d at 724). Defendant argues the Court should make this finding here, because Plaintiff "will have to present admissible evidence supporting any opposition that would create an issue of material fact as to the defense of Defendant," and his expert witness "will be disqualified." (Doc. 36 at 5-6) According to Defendant, his expert will show the methodology used by Plaintiff's expert "during the joint site inspection did not conform to federal requirements for site inspections." (*Id.* at 6)

At this stage, the Court declines to evaluate the evidence submitted by Plaintiff and Defendant to determine the admissibility of evidence. Indeed, "a proposed amendment is futile only if *no set* of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Defendant has not challenged Plaintiff's assertion that the path of travel was as narrow as twelve inches when he visited the store, and he may establish an ADA violation on this fact alone. Further, evidence may later be presented by the parties regarding the methodology used to measure paths of travel, door access, and counter access. Thus, it is not clear that Plaintiff's claim for violations of the ADA and Unruh Act would be inevitably defeated upon a motion for summary judgment.

### E. Prejudice

The most critical factor in determining whether to grant leave to amend is prejudice to the

opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Arias does not argue that he will suffer any prejudice from Plaintiff being granted leave to amend, and the other defendants have not opposed the motion. Moreover, the parties have several months to engage in discovery, as non-expert discovery does not close until April 26, 2021; and the deadline for expert discovery is May 17, 2021. (*See* Doc. 21 at 2) Thus, this factor does not weigh against leave to amend.

## IV.     Conclusion and Order

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiff to file his First Amended Complaint. *See Madeja*, 310 F.3d at 636. Therefore, the Court is acting within its discretion in granting the motion to amend. *See Swanson*, 87 F.3d at 343. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to amend (Doc. 30) is **GRANTED**; and
2. Plaintiff **SHALL** file the amended complaint within three court days.

IT IS SO ORDERED.

Dated:   **September 11, 2020**              **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE