1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11    RORY CHAVEZ,                                    )    Case No.: 1:19-cv-00603 - JLT
                                                      )
12                          Plaintiff,                )    ORDER AFTER INFORMAL
                                                      )    TELECONFERENCE
13              v.                                     )
                                                      )    (Doc. 53)
14    GILBERTO ARIAS, et al.,                          )
                                                      )
15                          Defendants.               )
                                                      )
16    _____            )

17          The Court held an informal telephone conference at the request of counsel. (Doc. 53) At issue

18    is whether the settlement agreement negotiated by the plaintiff and defendant Paniagua should be

19    provided to the remaining defendants. At the conference, counsel for the plaintiff and the Arias

20    defendants presented diametrically different positions as to whether the statutory damages demanded

21    by the plaintiff are joint and several or whether the full statutory damages may be awarded against

22    each defendant independently.

23          The Court noted that case law demonstrates that settlement agreements like the one entered

24    into here, generally are not confidential.  However, whether the settlement agreement may be

25    discovered would depend upon whether it bears on any issues raised in the litigation.  Because counsel

26    could not agree, the matter could not be resolved informally.  Thus, the Court **ORDERS**:

27          1.       If the Arias defendants wish to obtain a copy of the settlement agreement, they may

28    propound a discovery request to plaintiff to obtain it. Defendant Paniagua, though her counsel, has

      indicated she does not object to the disclosure, so this cannot form a basis for the refusal to disclose it.

However, if the plaintiff objects on other grounds and refuses to produce the agreement, counsel SHALL meet and confer to attempt to resolve the matter. After a good faith attempt, they are unable to resolve the matter, they SHALL seek an informal teleconference with the Court before filing a motion to compel or a motion for protective order.  They should be prepared to provide the Court a brief—not exceeding five pages—on their respective positions in advance of the teleconference. Defendant Paniagua is relieved of this obligation, but she may file a brief, if she chooses.

IT IS SO ORDERED.

Dated:   __October 7, 2020__                      _____/s/ **Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE